UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 04-000022

WILMER FEAZELL,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION UNDER 28 U.S.C. § 2255 TO CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY" AND DENYING DEFENDANT'S MOTION FOR DEFAULT JUDGMENT**

Pending before the court are Defendant Wilmer Feazell's "Motion Under 28 U.S.C. § 2255 to Correct Sentence by a Person in Federal Custody" and his accompanying motion for default judgment. Defendant contends his sentence is incorrect because the court, in calculating the sentence, considered crack cocaine in Defendant's possession which was only for his personal use. Defendant further argues that he received ineffective assistance of counsel both at his initial sentencing and at his later resentencing. The government filed a response to the motion on August 8, 2008 and Defendant filed the motion for default on August 25, 2008. For the reasons stated below, the court will deny both of Defendant's motions.

## I. BACKGROUND

Defendant pleaded guilty to one-count of intent to distribute more than five-hundred grams of powder cocaine on February 6, 2004. (Def.'s Mot at 1.) Defendant was initially sentenced to 125 months on May 4, 2004. (*Id.* at 2; Pl.'s Resp. at 5.)

Defendant filed a timely appeal. (Def.'s Mot. at 3.) While this appeal was pending, and in light of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sixth Circuit granted the parties joint motion to remand for resentencing. (*Id.*; Pl.'s Mot. at 6.) Defendant was resentenced on January 5, 2006, receiving the same sentence originally imposed. (Def.'s Mot. at 3.) Defendant filed a new appeal with new counsel on January 5, 2007 (*Id.*) The Sixth Circuit affirmed his sentence on March 7, 2007. *United States v. Feazell*, No. 06-1147, 2007 WL 675658 (6th Cir. Mar. 7, 2007).

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### III.  DISCUSSION

### A. Personal Use of Crack Cocaine

Defendant's motion primarily argues that the court's consideration of 7.86 grams of crack cocaine - which he contends was purely for personal use - resulted in a miscalculation of his sentence.  (Def.'s Mot. at 1-2.)  This issue was not raised in either of Defendant's previous appeals.  When a defendant does not raise an issue on direct appeal, the issue can be asserted on collateral attack, but the defendant must show cause to excuse his failure to appeal the issue and actual prejudice.  *United States v. Frady*, 456 U.S. 152, 167-68 (1982).  To demonstrate actual prejudice, "a defendant must 'shoulder the burden of showing, not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . .'"  *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993) (quoting *Frady*, 456 U.S. at 170).

Because Defendant's first direct appeal did not raise the issue that the "crack cocaine found in his car was for personal use" (Def.'s Mot. at 3), he must show cause to excuse his failure.  *Frady*, 456 U.S. at 167.  Defendant attempts to do so by asserting that he "was ignorant to the law at the time and relied on Counsel who told him that the crack cocaine was relevant conduct."[1]  (Def.'s Reply at 2.)  The court need not address whether this simple assertion meets the *Frady* threshold to "show cause," because Defendant's later resentencing prevented any actual prejudice from his original sentence calculation.  The court of appeals never addressed the arguments in

---

[1] Though Defendant makes this assertion in the context of his original sentencing, the same thinking can reasonably be assumed to have applied to his first appeal.

3

Defendant's first appeal, because the parties submitted a joint motion to remand for resentencing, which the court of appeals granted. (Def.'s Mot. at 3.)

Shortly after resentencing, Defendant's new counsel filed a new direct appeal. (*Id.*) Defendant's second appeal did not argue a sentence miscalculation because of the allegedly personal nature of the crack cocaine. Defendant's second appeal only argued that the resentencing court failed to consider his post-sentencing rehabilitative efforts and that the court failed to take into account time Defendant had already served in state prison. *Feazell*, 2007 WL 675659 at *2-3. Defendant does not now offer an "ignorance of the law" argument to demonstrate why he chose not to bring his current argument in his second direct appeal. Defendant's new counsel did, in fact, present the personal use issue at Defendant's resentencing. Defendant was therefore aware of the argument and presented a permutation of it to the court upon resentencing. He chose to leave the argument unaddressed upon his second direct appeal, and is now attempting to bring a collateral attack under § 2255. Such a collateral attack cannot proceed without Defendant showing cause to excuse his failure to appeal the issue. *Frady*, 456 U.S. at 167. Because Defendant does not justify his failure to raise the current issue in his appeal, the court finds that portion of Defendant's § 2255 petition is unreviewable.

### B. Ineffective Assistance of Counsel

Defendant also argues he was provided the ineffective assistance of counsel because neither his sentencing (Kenneth Tableman) or resentencing counsel (Sharon Turek) raised the issue of the personal use of crack cocaine. (Def.'s Mot. at 6.) A showing of ineffective assistance of counsel has two components. *Strickland v.*

4

*Washington*, 466 U.S. 668, 687 (1984).  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  *Id.*  Second, the defendant must show that the deficient performance prejudiced the defense.  *Id.*  Defendant cannot meet the first *Strickland* prong for either Tableman or Turek.

      Tableman did not argue that the approximately eight grams of crack cocaine, found together with nearly two kilograms of powder cocaine, was purely for Defendant's personal use.  (Def.'s Mot. at 2, 5-6.)  But Defendant does not demonstrate how Tableman would have been reasonably aware that the crack cocaine was for Defendant's own use.  Defendant argues that "[c]ounsel knew that the crack cocaine was for personal use, that's why [Defendant] requested for [his counsel] to get the toxicology report."  (*Id.* at 6.)  This toxicology report, showing Defendant tested positive for heroin and cocaine nine days before his arrest, is far from definitive proof that the later found crack cocaine was for personal use.  Defendant also asserts that an emergency room visit for a heroin overdose, again nine days before his arrest, put Tableman on notice that the later found crack cocaine was for personal use.  (*Id.*)  But heroin is not crack cocaine, and would not inform Tableman that the later found crack cocaine was for personal use.  One might speculate that Tableman was aware of Defendant's drug problem, but that would not automatically lead to Tableman concluding the crack cocaine found at Defendant's arrest, packaged together with the two kilograms of cocaine for distribution, was for personal use.  As such, and in light of the high deference paid to counsel's trial decisions, *Strickland*, 466 U.S. at 689, the

5

court cannot conclude that Tableman's performance was deficient in failing to raise the allegedly personal nature of the crack cocaine during Defendant's personal use.

As for Defendant's resentencing counsel, Ms. Turek, the analysis is simpler. Turek did raise the personal nature of the crack cocaine in the memorandum she submitted for resentencing . (11/05/2005 Memo at 3.) The court considered this memorandum, along with all the other record evidence, in determining the proper sentence when the post-*Booker* resentencing was completed. Defendant is therefore arguing his counsel was ineffective for not presenting evidence that was in fact presented and considered by the court. Thus, the court cannot conclude Defendant's resentencing counsel was ineffective.

### C. Motion for Default Judgment

Defendant has also filed a motion for default judgment, pursuant to Fed. R. Civ. Pro. 55(a). Defendant contends the government did not reply in a timely manner to his § 2255 motion and did so without good cause. (8/25/08 Mot. at 1.) The court, however, issued an order on July 9, 2008, requiring the government's response by August 8, 2008, at which time the response was actually filed. Therefore, Defendant's motion for default judgment is without merit.

### IV.  CONCLUSION

IT IS ORDERED that Defendant Wilmer Feazell's "Motion Under 28 U.S.C. § 2255 to Correct Sentence by a Person in Federal Custody" [Dkt. # 57] is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion Pursuant to Federal Rules of Civil Procedure, Rule 55(a)(b)(2) Default Judgment" [Dkt # 63] is DENIED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  October 22, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 22, 2008, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522