## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                            Case No. 04-00022

WILMER FEAZELL,

      Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO STAY COLLECTION

Pending before the court is Defendant Wilmer Feazell's pro se "Motion to Stay of Collection." As a part of Defendant's sentence, he was ordered to pay both a $4,980 fine and a $100 special assessment. (05/04/04 Minutes of Sentencing.) Defendant contends the fine now constitutes a burden which prevents him from employment in his desired work assignment and prevents him from enrolling in correspondence courses. (Def.'s Mot. at 1.) The Government has filed a response. For the reasons stated below, the court will deny Defendant's motion.

Although Defendant did not cite any legal authority for his motion, the most likely legal avenue under which his fine might be suspended is 18 U.S.C. § 3573. Section 3573 specifically allows the court to remit all or any part of a prisoner's fine. 18 U.S.C. § 3573(1). The statute, though, is expressly limited to a "petition of *the Government* showing that reasonable efforts to collect a fine or assessment are not likely to be effective . . . ." *Id.* (emphasis added). The Government has not filed a petition and opposes Defendant's efforts to stay his fine. Thus, the court is without power to remit

Defendant's fine.  *United States v. Heimbach*, 808 F. Supp. 413, 416 (E.D. Pa. 1992).[1]

Accordingly,

      IT IS ORDERED that Defendant Wilmer Feazell's "Motion to Stay of Collection"

[Dkt. # 59] is DENIED.

                          s/Robert H. Cleland
                        ROBERT H. CLELAND
                        UNITED STATES DISTRICT JUDGE

Dated:  November 24, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 24, 2008, by electronic and/or ordinary mail.

                          s/Lisa Wagner
                        Case Manager and Deputy Clerk
                        (313) 234-5522

---

[1] The Government discloses that at least one circuit court has interpreted another statute, 18 U.S.C. § 3572(d)(3), as providing a district court with inherent authority to reduce or remit a prisoner's fine upon a showing of a material change in financial condition.  *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) ("Although none of these aforementioned provisions can serve as a jurisdictional basis for [Defendant's] petition, we believe the district court had subject matter jurisdiction under 18 U.S.C. § 3572(d)(3). That provision allows criminal defendants to seek relief from fines based on economic hardship . . . ."); (Gov't.'s Supp. Resp. at 3).  This court need not address *Goode's* holding though, as Defendant has not argued any change, material or otherwise, in his financial condition that would demonstrate financial hardship.